———————

No. 95-2855

———————

United States of America,          *
                                   *
          Plaintiff-Appellee,      *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   District of Minnesota.
Juan Carlos Nevarez,               *
                                   *        [UNPUBLISHED]
          Defendant-Appellant.     *

———————

          Submitted:  February 13, 1996

              Filed:  March 7, 1996

———————

Before McMILLIAN, LAY and HANSEN, Circuit Judges.

———————

PER CURIAM.


     Juan Carlos Nevarez was convicted of two counts of cocaine
distribution, in violation of 21 U.S.C. § 841(a)(1), and one count of the
use of a firearm in relation to a drug trafficking crime, in violation of
18 U.S.C. § 924(c)(1).[1]  He appeals, challenging the district court's
exclusion of various evidence said to be related to his entrapment defense,
and the sufficiency of the evidence generally.  We affirm.


     Nevarez admitted the offenses for which he was convicted, but he
asserted as a defense that he was entrapped.  The jury rejected this
defense and found the defendant guilty.  On appeal, the defendant claims
the trial judge abused his discretion by excluding

———————

     [1]The district court entered a judgment of conviction and
sentenced Nevarez to concurrent terms of 63-months imprisonment
on the distribution counts and a consecutive term of 60-months
imprisonment on the firearm count.

certain evidence of inducement; he also asserts that there was insufficient evidence of his predisposition to commit the crimes.

Nevarez argues that the identity of an informant who introduced him to an undercover officer should have been disclosed. In addition, he urges that evidence of separate investigative conduct of a known informant, Eddie Rangl, should have been admitted. Finally, Nevarez urges that the amount that Rangl was paid should have been admitted. It is urged that all of this was relevant to his entrapment defense.

Upon review of the overall record, we find the district court did not abuse its discretion. Defendant's claim was that he was entrapped by Rangl. We agree with the government that the identity of another undisclosed informant was not relevant to the defendant's claim he was entrapped by Rangl.[2] Similarly, Rangl's conduct in other investigations, which are not related to the drug sales involving Nevarez, is not relevant to the claim that Rangl wrongfully induced him in this case. The amount of money that Rangl was paid is likewise not relevant to inducement.

As to Nevarez's predisposition to commit the crimes charged, the government produced evidence that defendant had previously been convicted of a felony drug possession and that he had been selling cocaine and marijuana for months before his arrest. There was abundant additional evidence as well.

_____

[2]Moreover, the government also notes that the issue was addressed in a Motion in Limine at the outset of trial, and that Nevarez agreed not to inquire into the unknown informant's identity so long as the government did not introduce evidence of the September 29 meeting with one of the undercover officers. The government did not do so; however, defense counsel, on cross-examination, attempted to open up this line of inquiry with one of the undercover officers. Since it complied with this condition, the government argues, Nevarez waived his right to object to the exclusion of this testimony. We agree.

The trial court submitted the issue of entrapment to the jury. The jury rejected it. In our view, there was little evidence even to support giving the entrapment instruction.

JUDGMENT AFFIRMED.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.